UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SASHA LEWIS,<br><br>                                       Plaintiff,<br><br>-against-<br><br>SAMSUNG SDI AMERICA, INC., SAMSUNG ELECTRONICS USA, INC., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG, INC.; SAMSUNG CORP., SAMSUNG ELECTRONICS, L.L.C. and ABC CORPORATIONS (1-10)(fictious entities),,<br><br>                                       Defendants. | CASE NO.:<br><br>**COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff SASHA LEWIS, by the undersigned counsel, Marshall and Inwood, LLP allege for the complaint as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court by 28 U.S.C. 1332(a)(1).

2. Plaintiff SASHA LEWIS was and is a resident of the State of New York.

3. SAMSUNG SDI AMERICA, INC. is a corporate entity organized under the laws of the state of Michigan.

4. SAMSUNG ELECTRONICS USA, INC., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG, INC.; SAMSUNG CORP., and SAMSUNG ELECTRONICS, L.L.C, are a corporate entities organized under the laws of the State of Delaware.

5. SAMSUNG SDI AMERICA, INC., SAMSUNG ELECTRONICS USA, INC., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG, INC.; SAMSUNG

CORP., and SAMSUNG ELECTRONICS, L.L.C are collectively referred to herein as "SAMSUNG".

6. Defendant, ABC Corporations 1-10 are fictitious names of business entities and/or persons. The true names and identities of these unidentified defendants are either unknown and/or improperly named herein, despite diligent effort made at ascertaining their identities.

7. There is complete diversity of citizenship between plaintiff and defendants.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) because the events giving rise to the complaint occurred in the Southern District of New York; alternatively, venue is also proper within the New York State Court System – New York County based on the plaintiff's residence.

9. The amount in controversy between the parties exceeds the sum of $75,000 exclusive of interest and costs.

## FACTS

10. On or about September 9, 2020, plaintiff was the owner of a rechargeable battery powered scooter depicted here and including the following visible markings "Wuxing" "38V 2019.10 76" "Wuxing DK11" "01345512.5" (the "Scooter"). 

11. At the time and place relevant herein, plaintiff was charging the Scooter with the charging apparatus provided with the Scooter (the "Charging Apparatus").

2

12. Upon information and belief, the Scooter was equipped with a rechargeable battery manufactured by a "Samsung" entity.

13. The Scooter was equipped with a rechargeable battery depicted here:

 (hereinafter the "Battery").

14. While plaintiff was charging the Battery in her apartment, a dangerous condition developed and ultimately a fire started.

15. Defendants manufactured the subject Battery.

16. Defendants caused the subject Battery to be manufactured.

17. Defendants caused the subject Battery to be utilized in the Scooter.

18. Defendants marketed the subject Battery and related Charging Apparatus.

19. Defendants sold the subject Battery and related Charging Apparatus.

20. Defendants inspected, tested, marketed, promoted, labeled, advertised, distributed and supplied the Battery and related Charging Apparatus that was involved in the plaintiff's accident.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### STRICT PRODUCT LIABILTY

21. Plaintiff repeats and realleges all of the allegations contained in the prior paragraphs of the complaint as though fully alleged herein.

22. Defendants are responsible for allegations of products liability and/or negligence relating to the product, including manufacturing defects, design, warnings, components, guarding and/or safety devices.

23. The subject Battery and related Charging Apparatus were defectively designed, assembled and/or manufactured.

24. Defendants are responsible for the defective design, assembly and/or manufacture of the Battery and related Charging Apparatus.

25. The Battery and related Charging Apparatus lacked proper warnings, instructions and/or caution signs.

26. The Defendants were responsible for the lack of warnings, instructions and/or caution signs.

27. Defendants are responsible in strict products liability for plaintiff's injuries.

28. Defendants were negligent with respect to the manufacture, assembly, sale, design, inspection, testing, warning, service, repair, maintenance, alteration, refurbishing and/or installation of the subject Battery and related Charging Apparatus.

29. Defendants breached express and implied warranties owed to the plaintiff with respect to the manufacture, assembly, sale, design, inspection, alteration, refurbishing and installation of the subject Battery and related Charging Apparatus.

30. The Battery and related Charging Apparatus were defective and unreasonably dangerous to the ultimate users or consumers when designed, tested,

maintained, assembled, sourced, imported, distributed, manufactured, inspected, sold and placed into the stream of commerce by the defendants in the following ways.

    a.    The subject Battery and related Charging Apparatus failed to operate, as an ordinary consumer would expect;

    b.    The subject Battery and related Charging Apparatus were designed, assembled, sourced, imported, manufactured, distributed, sold and/or supplied in an unsafe, unreasonably dangerous and defective condition;

    c.    The subject Battery and related Charging Apparatus were designed, assembled, sourced, imported, manufactured, distributed, sold and/or supplied in an unsafe, unreasonably dangerous and defective condition;

    d.    The subject Battery and related Charging Apparatus were defective in its design, manufacture, assembly, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

    e.    The subject Battery and related Charging Apparatus were defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein.

    f.    The Battery and related Charging Apparatus were improperly designed as it failed to provide protection from overheating, sparks and/or fire.

    g.    The Battery and related Charging Apparatus lacked safety devices designed to protect the user.

    h.    The Battery and related Charging Apparatus lacked warnings to alert users of the dangers associated with the Battery and related Charging Apparatus.

31.    At the time of the subject incident, the subject Battery and related Charging Apparatus were in substantially the same condition as when designed, tested,

maintained, assembled, sourced, imported, distributed, manufactured, inspected, sold and placed into the stream of commerce by the defendants.

32. For the reasons set forth above the subject Battery and related Charging Apparatus were unreasonably dangerous to foreseeable users including Plaintiff.

33. As a direct and proximate cause of the foregoing acts and/or omissions of the defendant, Plaintiff sustained serious and permanent bodily injuries resulting in pain and suffering, permanent impairment, disability, mental anguish, inconvenience, loss of the enjoyment of life, expense of medical care and treatment, expense of hospitalization, lost wages in the past and the loss of ability to earn wages in the future and/or otherwise in an amount that exceeds the minimum jurisdictional requirements for this Court to exercise jurisdiction over this matter.

## AS AND FOR A SECOND CLAIM FOR RELIEF

34. Plaintiff repeats and realleges all of the allegations contained in prior the paragraphs of the complaint as though fully alleged herein.

35. Prior to the accident, Defendants placed and/or permitted the Battery and related Charging Apparatus to be placed into operation/service without properly designed and/or functioning safety mechanism(s) and/or design(s).

36. Prior to the accident, Defendants placed and/or permitted the Battery and related Charging Apparatus to be placed into operation/service in an unsafe condition.

37. Defendants were responsible for the safe use of the Battery and related Charging Apparatus.

38. Defendants failed to properly warn and/or notify the customer that safety devices missing and/or not functioning properly on the Battery and related Charging Apparatus prior to the accident.

39. Defendants failed to properly warn and/or notify the customers and/or plaintiff of the dangers of the product.

40. Defendants failed to properly advise/warn plaintiff and/or his employer that the subject Battery and related Charging Apparatus lacked all of the appropriate safety devices and/or equipment needed to safely operate the Battery and related Charging Apparatus.

41. Defendants failed to properly advise/warn plaintiff and/or his employer that the operation of the subject Battery and related Charging Apparatus without all of the appropriate safety devices and/or equipment in a fully operation condition made the Battery and related Charging Apparatus unsafe.

42. Defendants failed to properly advise/warn plaintiff and/or his employer that the policies and/or procedures employed at the facility pertaining to the operation, adjustment, maintenance and cleaning of the subject Battery and related Charging Apparatus were unsafe.

43. Defendants failed to properly advise/warn plaintiff of the dangers associated with the Battery and related Charging Apparatus and/or the likelihood of injury.

44. Defendants knew or in the exercise of due care should have known that the subject Battery and related Charging Apparatus would be used without inspection in

an unreasonably dangerous condition and would create a foreseeable risk of harm to users, including Plaintiff.

45. Defendants were under a duty to properly and adequately design, test, maintain, service, repair, inspect, assemble, source, import, distribute, manufacture, inspect, sell, warn and distribute the subject Battery and related Charging Apparatus in a reasonably safe condition as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with it, including Plaintiff.

46. Defendants breached the duty owed to plaintiff by negligently designing, testing, maintaining, assembling, distributing, manufacturing, inspecting, selling, warning and distributing the subject Battery and related Charging Apparatus when it was not in a reasonably safe condition for foreseeable use, as follows:

    a. The subject Battery and related Charging Apparatus failed to operate, as an ordinary consumer would expect;

    b. The subject Battery and related Charging Apparatus were designed, assembled, sourced, imported, manufactured, distributed, sold and/or supplied in an unsafe, unreasonably dangerous and defective condition;

    c. The subject Battery and related Charging Apparatus were designed, assembled, sourced, imported, manufactured, distributed, sold and/or supplied in an unsafe, unreasonably dangerous and defective condition;

    d. The subject Battery and related Charging Apparatus were defective in its design, manufacture, assembly, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

e. The subject Battery and related Charging Apparatus were defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein.

f. The Battery and related Charging Apparatus were improperly designed as it failed to provide protection from overheating, sparks and/or fire.

g. The Battery and related Charging Apparatus lacked safety devices designed to protect the user.

h. The Battery and related Charging Apparatus lacked warnings to alert users of the dangers associated with the Battery and related Charging Apparatus.

47. Defendants were negligent.

48. Plaintiff's severe injuries were caused by and/or a result of the foregoing.

49. As a direct and proximate cause of the foregoing acts and/or omissions of the defendant, Plaintiff sustained serious and permanent bodily injuries resulting in pain and suffering, permanent impairment, disability, mental anguish, inconvenience, loss of the enjoyment of life, expense of medical care and treatment, expense of hospitalization, lost wages in the past and the loss of ability to earn wages in the future and/or otherwise in an amount that exceeds the minimum jurisdictional requirements for this Court to exercise jurisdiction over this matter.

### AS AND FOR A THIRD CLAIM FOR RELIEF
### BREACH OF EXPRESS WARRANTY

50. Plaintiff realleges and readopts the allegations set forth in prior paragraphs as if fully set forth herein.

51. Defendants designed, manufactured, assembled, distributed, inspected, tested, and/or sold the Battery and related Charging Apparatus.

52. Defendants expressly warranted that the Battery and related Charging Apparatus was safe for ordinary use when used in compliance with the instructions provided.

53. Defendant's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which the Plaintiff would not have purchased the Battery and related Charging Apparatus.

54. The Battery and related Charging Apparatus did not conform to the Defendants' affirmations regarding safety.

55. As a direct and proximate result of Defendant's breach of express warranties, Plaintiff suffered severely painful and disfiguring injuries to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

56. Plaintiff realleges and readopts the allegations set forth in prior paragraphs as if fully set forth herein.

57. Defendants at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Batery and related Charging Apparatus.

58. Defendants impliedly warranted that the Battery and related Charging Apparatus was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to


10

Defendant's own affirmations regarding the Battery and related Charging Apparatus's safety features and overall safe condition.

59. Defendants breached their implied warranty of merchantability, as the product did not conform to the Defendant's affirmations regarding the safety features and overall safe condition of the Battery and related Charging Apparatus, the Battery and related Charging Apparatus was not fit for the ordinary purpose for which it was sold or used, and was not of fair average quality so as to pass without objection in the trade.

60. As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiff suffered severely painful and disfiguring injuries to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

**AS AND FOR A FIFTH CLAIM FOR RELIEF
BREACH OF IMPLIED WARRANTY
OF FITNESS FOR A PARTICULAR PURPOSE**

61. Plaintiff realleges and readopts the allegations set forth in prior paragraphs as if fully set forth herein.

62. Defendants at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed, and/or sold the Battery and related Charging Apparatus.

63. In selling the Battery and related Charging Apparatus, Defendants, through their agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions

concerning the particular purpose to which Plaintiff's employer, plaintiff and co-workers would put the Battery and related Charging Apparatus to use and knew or should have known of the particular purpose to which the Plaintiff's employer, plaintiff and co-workers would put the product to use. Defendant impliedly warranted that the product would be fit for such particular purpose.

64. Defendants breached its implied warranty of fitness for a particular purpose, as the Battery and related Charging Apparatus did not conform to the Defendant's affirmations regarding its product being fit for such particular purpose. The Battery and related Charging Apparatus's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

65. As a direct and proximate result of Defendant's breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered severely painful and disfiguring injuries, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

### AS AND FOR A SIXTH CLAIM FOR RELIEF
### FAILURE TO WARN

66. Plaintiff realleges and readopts the allegations set forth in prior paragraphs as if fully set forth herein.

67. Defendants at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed, and/or sold the Battery and related Charging Apparatus.

68. On the date of the accident, Plaintiff used the Battery and related Charging

Apparatus in the manner intended and/or foreseeably intended, when the Battery and related Charging Apparatus failed and/or otherwise caused injury to the Plaintiff.

69. Upon information and belief, the Battery and related Charging Apparatus was manufactured in a defective manner, defectively designed and/or failed to have adequate and proper warnings or instructions; it was not safe to be used for the purposes intended; and/or it was inherently and/or unreasonably dangerous.

70. Among other warnings, the defendants failed to properly warn users that usage of the Battery and related Charging Apparatus can, and will likely, cause fire.

71. Defendants knew or should have known of the dangerous nature of the Battery and related Charging Apparatus by virtue of their business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the Battery and related Charging Apparatus.

72. Defendants had a duty to provide reasonable warning of the danger involved in the use of the Battery and related Charging Apparatus and failed to provide the public, including the Plaintiff, notice of the danger involved.

73. As a direct and proximate result of the foregoing, Plaintiff suffered severely painful and disfiguring injuries to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

### AS AND FOR A SEVENTH CLAIM FOR RELIEF - NEGLIGENCE

74. Plaintiff realleges and readopts the allegations set forth in prior paragraphs

as if fully set forth herein.

75. Defendants had a duty of reasonable care to design, manufacture, inspect, test, market, distribute and/or sell non-defective Battery and related Charging Apparatus that are reasonably safe for their intended use. Defendants also had a duty to adequately warn of dangers presented by the product's design. These duties applied to the subject Battery and related Charging Apparatus.

76. Defendants knew, or in the existence of ordinary care, should have known, that the subject Battery and related Charging Apparatus was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

77. Defendants knew or in the exercise of ordinary care should have known of the means of designing, manufacturing, and marketing the subject Battery and related Charging Apparatus such that the type of incident and resulting injuries and damages as described herein would have been prevented. Defendants had actual or constructive knowledge of the means of designing a Battery and related Charging Apparatus that would not be inadequate and dangerous and notwithstanding this knowledge, Defendants failed to adequately design, equip and/or manufacture the subject Battery and related Charging Apparatus .

78. Defendants negligently failed to give adequate or proper warnings or instructions and failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

79. Defendants owned Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, and marketing the

subject Battery and related Charging Apparatus.

80. Defendants failed to prudently design, manufacture, test, inspect, market, and sell the subject Battery and related Charging Apparatus and failed to include a reasonable and safer alternative to the subject defective condition.

81. Defendants failed to properly and appropriately install, maintain, repair, service and inspect the subject Battery and related Charging Apparatus.

82. As a direct and proximate result of the Defendant's negligence, Plaintiff suffered severely painful and disfiguring injuries to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, plaintiff demands judgment against the defendants, together with interest and costs of suit.

WHEREFORE, the Plaintiff demands judgment on all of the foregoing claims for relief against the defendants in a monetary sum far exceeding the jurisdictional limitations of this court (including but not limited to the minimum monetary prerequisite for diversity jurisdiction) for compensatory damages, together with interest, costs and disbursements as provided by law.

Plaintiff demands a trial by jury on all counts.

Dated: New York, New York
July 27, 2023

MARSHALL AND INWOOD

By: _____

Alan R. Inwood, Esq. (0607)
Attorneys for Plaintiff
1350 Avenue of Americas 2nd Floor
New York New York 10019