# HPY HAWKINS PARNELL
Hawkins Parnell & Young, LLP

275 Madison Avenue, 10th Floor
New York, NY 10016

Direct: 646-589-8731
Email: dfreed@hpylaw.com

January 11, 2024

**VIA PACER**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

      Re:   **Sasha Lewis v. Samsung SDI America, Inc., et al.**
            **SDNY Case Number: 1:23-cv-06643-KPF**

Dear Judge Failla:

We represent Samsung SDI America, Inc. ("SDIA") in the above-captioned matter. SDIA submits this letter in response to Plaintiff's status letter, dated January 4, 2024, and in anticipation of the parties' upcoming conference before Your Honor on February 21, 2024.

As Plaintiff notes in her letter, the parties appeared before Your Honor on October 6, 2023, for a pre-motion conference in response to SDIA's request to file a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). The crux of SDIA's motion is simple – SDIA is a foreign corporation that has never manufactured, sold, distributed, or otherwise placed into the stream of commerce battery cells for use with electric scooters (the product at issue here). Accordingly, there is no basis for jurisdiction because SDIA is not a resident of the State of New York and Plaintiff's claims do not arise from or relate to SDIA's conduct.

Your Honor ordered a ninety-day period for jurisdictional discovery which concluded on January 4, 2024. Plaintiff's jurisdictional discovery requests consisted of document requests related to SDIA's alleged connections to the State of New York relating to the sale of battery cells. SDIA responded to Plaintiff's document requests on November 6, 2023, explaining that SDIA does not and has never manufactured, sold, distributed, or otherwise placed into the stream of commerce any battery cells in New York or destined for sale or use in New York, and therefore, no relevant responsive documents exist. Plaintiff did not seek further jurisdictional discovery.

Courts in other jurisdictions have repeatedly dismissed SDIA, including for lack of personal jurisdiction under identical circumstances because SDIA does not manufacture or sell battery cells used in personal consumer products.  *See, e.g.*, *Tran v. Samsung SDI Co., Ltd.*, No. 21-cv-03819-JSW (N.D.Ca. Mar. 8, 2022 ) aff'd, No. 22-16288, 2023 WL 7015277 (9th Cir. Oct. 25, 2023) and *North v. Samsung SDI America, Inc.*, No. 5:19-cv-05621-EJD, 2020 WL 1984020 (N.D. Cal. Apr. 27, 2020) (both finding, based on SDIA's corporate representative's affidavit, that SDIA did not manufacturer, sell, or otherwise place lithium-ion batteries into the stream of commerce in California, and that therefore SDIA was improperly joined as a sham defendant); *Shawn Khan v. Vape Life, Inc.*, No. C-03-CV-19-004576 (Cir. Cit. Md.) (dismissing SDIA for lack of personal jurisdiction after finding that SDIA did not and never placed lithium-ion batteries into the stream of commerce in Maryland).  Most recently, on December 20, 2023, the Western District of Kentucky dismissed SDIA for lack of personal jurisdiction from a personal injury dispute involving an alleged exploding battery cell because SDIA does not sell or distribute battery cells for use in personal consumer products.  *See Cmty. Ass'n of Underwriters of Am., Inc. v. TTI Consumer Power Tools, Inc.*, No. 3:23-cv-107-RGJ (W.D.Ky. Dec. 20, 2023).

There is no dispute that SDIA does not and has never manufactured the product at issue and that SDIA has never sold or distributed battery cells to or for use in personal consumer products in the State of New York.  On January 10, 2024, in light of the above, SDIA's counsel asked Plaintiff's counsel whether Plaintiff would voluntarily dismiss SDIA, however Plaintiff's counsel declined to do so.  Accordingly, SDIA respectfully renews its request for a pre-motion conference to set a briefing schedule for its motion to dismiss.  If granted leave, SDIA will be in a position to file its motion promptly.

    Respectfully submitted,

    */s/ David E. Freed*
    David E. Freed
    Hawkins Parnell & Young, LLP

cc:    Alan R. Inwood, Esq.,
    Marshall and Inwood
    1350 Avenue of the Americas, 2nd Floor
    New York, New York 10019
    *Attorney for Plaintiff*

    Elliot Shields, Esq.
    Roth & Roth, LLP
    192 Lexington Avenue, Suite 802
    New York, New York 10016
    *Attorney for Plaintiff*