UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SASHA LEWIS,<br>Plaintiff,<br>-v.-<br>SAMSUNG, INC.,<br>Defendant. | 23 Civ. 6643 (KPF)<br>**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |

KATHERINE POLK FAILLA, District Judge:

Pending before this Court is the April 13, 2026 Report and Recommendation (the "Report" (attached)) from Magistrate Judge Gabriel W. Gorenstein, resolving a damages inquest into Samsung, Inc., against whom this Court had previously entered a default judgment. (Dkt. #129). *See also Lewis* v. *Samsung SDI Co.*, No. 23 Civ. 6643 (KPF) (GWG), 2026 WL 981125 (S.D.N.Y. Apr. 13, 2026). In his Report, Judge Gorenstein determined that Samsung, Inc. had been merged out of existence decades before the commencement of this litigation; as such, he recommended vacating this Court's default judgment against it, dismissing it from the case, and denying Plaintiff's related requests for relief. *Pro se* Plaintiff Sasha Lewis ("Plaintiff") filed one set of objections in a timely manner and a second set of objections seven weeks past the submission deadline. Upon review of the Report and Plaintiff's timely objections, the Court adopts the Report in full.

## BACKGROUND[1]

### A. Factual Background

The Court's previous decision limns this case's factual and procedural histories, and is incorporated herein by reference. (*See* Dkt. #91). *See also Lewis* v. *Samsung SDI Co.*, No. 23 Civ. 6643 (KPF), 2025 WL 1826471, at *1-3 (S.D.N.Y. July 2, 2025), *appeal dismissed sub nom. Lewis* v. *Samsung, Inc.*, No. 26-80, 2026 WL 2021493 (2d Cir. June 17, 2026). The Court assumes familiarity with the facts and provides only a brief discussion necessary to resolve Plaintiff's applications.

Plaintiff owned a battery-powered scooter bearing the visible markings of "Wuxing," "38V 2019.10 76," "Wuxing DK11," and "01345512.5." (SAC ¶ 12). The scooter was equipped with a rechargeable battery manufactured by a "Samsung" entity (*id.* ¶¶ 14, 24), and a charging apparatus distributed and supplied by Defendants (*id.* ¶ 13). On or about September 9, 2020, Plaintiff was charging the scooter when "a dangerous condition developed and ultimately a fire started" (*id.* ¶¶ 16, 24), causing Plaintiff "serious and permanent bodily injuries," as well as property damage (*id.* ¶ 37).

1 For ease of reference, the Court refers to Plaintiff's second amended complaint as the "SAC" (Dkt. #85), Plaintiff's objections to the Report as "Pl. Obj." (Dkt. #130), and to Plaintiff's supplemental objections to the Report as "Pl. Supp. Obj." (Dkt. #136).

## B. Procedural Background

### 1. Proceedings Before the District Court

Plaintiff, through former counsel, filed an initial complaint in this case on July 31, 2023. (Dkt. #1). Shortly thereafter, on August 4, 2023, Plaintiff filed a corrected complaint naming the entities Samsung Electronics America, Inc.; Samsung Electronics USA, Inc.; Samsung Electronics, L.L.C.; Samsung SDI America, Inc.; Samsung Corp.; Samsung, Inc.; and ABC Corporations (1-10) as Defendants. (Dkt. #15). Plaintiff alleged various New York common-law claims, including strict products liability, breach of an express warranty, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, failure to warn, and negligence. (*Id.*).

Over the course of the litigation, Samsung, Inc. was the only Defendant to default. (Dkt. #61). Plaintiff purportedly served Samsung, Inc. with process (Dkt. #25), but no counsel ever appeared on its behalf (Dkt. #61). Because Samsung, Inc. did not appear, answer, or otherwise respond to the complaint, the Court granted Plaintiff's motion for default judgment against Samsung, Inc. on February 21, 2024. (*Id.*).

The remaining Defendants have since been dismissed from the case. On February 21, 2024, the Court terminated Samsung SDI America, Inc. with Plaintiff's consent. (*See* February 21, 2024 Minute Entry). On March 26, 2024, the Court dismissed Samsung Electronics America, Inc. and Samsung Electronics, L.L.C. because Plaintiff's first amended complaint (the "FAC")

removed these entities as Defendants. (Dkt. #63, 64). Next, on June 12, 2024, the Court approved Plaintiff's voluntary dismissal of Samsung Electronics USA, Inc. and Samsung Corp. due to their status as inactive corporations. (Dkt. #81). And after contested motion practice, on July 2, 2025, the Court granted Samsung SDI Co. Ltd.'s motion to dismiss the second amended complaint (the "SAC") for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Dkt. #91). *See also Lewis*, 2025 WL 1826471, at *1, 10. Following the Court's resolution of the motion to dismiss, Plaintiff agreed to dismiss the fictitious entities, ABC Corporations (1-10), which had never been identified or served. (Dkt. #93-94). With Samsung, Inc. as the only defendant remaining in the action, the Court referred the matter to Magistrate Judge Gabriel W. Gorenstein for an inquest into, as appropriate, liability and damages. *See Lewis*, 2025 WL 1826471, at *10.

### 2. Judge Gorenstein's Report and Recommendation

#### a. The Orders Regarding Samsung, Inc.

To assist Judge Gorenstein's damages inquiry, the Court ordered Samsung SDI Co. Ltd. to clarify its legal relationship with Samsung, Inc., and advise as to whether it knew if Samsung, Inc. had notice of the lawsuit. *See Lewis*, 2025 WL 1826471, at *10. Samsung SDI Co. Ltd. replied on July 14, 2025, stating that it "d[id] not have a legal relationship with an entity known as Samsung, Inc." (Dkt. #92 at 1). The company further explained that "public records maintained by the Delaware Division of Corporations indicate that a Delaware corporation known as 'Samsung, Inc.' was merged out of existence in

1989 in a merger with Samsung Electronics America, Inc." (*Id.*). Additionally, Samsung SDI Co. Ltd. disclaimed having any information about whether Samsung, Inc. was served or received notice of the lawsuit. (*Id.* at 2).

In light of this response, Judge Gorenstein set out to determine Samsung, Inc.'s corporate status. If Samsung, Inc. had, in fact, been merged out of existence long before this action was even commenced, there would be no entity against which to assess damages. Accordingly, Judge Gorenstein ordered Plaintiff's counsel to describe his previous efforts to investigate Samsung, Inc.'s status, and asked whether counsel had any reason to doubt Samsung SDI Co. Ltd.'s representations. (Dkt. #98). Plaintiff's counsel responded that he first learned that Samsung, Inc. may not be a functioning corporation in Samsung SDI Co. Ltd.'s recent letter. (Dkt. #100 ¶ 9). Plaintiff's counsel further stated that he had no basis to doubt the veracity of Samsung SDI Co. Ltd.'s letter and, to the contrary, observed that "[i]f Samsung, Inc. was merged out of existence decades before service, that fact may bear on whether the entity served was capable of being served, and whether the service described in Docket No. 25 could be considered effective as to Samsung, Inc. (as opposed to another entity)." (*Id.* ¶¶ 13, 20).

A few days before filing that response, Plaintiff's counsel had moved for leave to withdraw from their representation of Plaintiff (Dkt. #99); included with the motion was an email from Plaintiff indicating her intent to obtain new counsel. (Dkt. #99-2). After receiving and considering Plaintiff's counsel's response to his order regarding Samsung, Inc., Judge Gorenstein granted the

motion to withdraw. (Dkt. #102). While making clear that Plaintiff was "free to obtain a new attorney at any time, if she is able to do so" (*id.* at 1), Judge Gorenstein also explained that until that time, Plaintiff would continue in the matter *pro se* (*id.*). Thereafter, Plaintiff entered a notice of *pro se* appearance. (Dkt. #103).

Contemporaneously with his grant of counsel's withdrawal motion, Judge Gorenstein ordered Plaintiff to "file a letter … providing any information she m[ight] have that Samsung, Inc. is a functioning corporation," assuming Plaintiff still "wishe[d] to pursue a judgment for damages against Samsung, Inc." (Dkt. #102 at 2). In response, Plaintiff filed a letter with various exhibits attached, primarily providing information about Samsung SDI Co. Ltd. but failing to mention Samsung, Inc. (*See* Dkt. #110).

On January 16, 2026, Judge Gorenstein directed Plaintiff to show cause why Samsung, Inc. should not be dismissed as a Defendant in this case. (Dkt. #114 at 1). Judge Gorenstein clarified that, based on Second Circuit case law, a plaintiff could only sue an entity that actually exists. (*Id.* (citing cases)). If Plaintiff intended to argue that Samsung, Inc. was a valid, suable entity, she needed to submit sufficient proof of its existence. (*Id.* at 1-2). Plaintiff asserted, without explaining, that the Court had personal jurisdiction over "Samsung and its U.S. affiliates," and that the SAC identified "documented trends" linking Samsung, Inc. to other Samsung entities. (Dkt. #120 at 1-2 (Plaintiff's response to the order to show cause)). At the same time, Plaintiff

"acknowledge[d]" Judge Gorenstein's "finding that Samsung, Inc. no longer exists as an active corporate entity." (Dkt. #124 at 2).

Plaintiff also submitted several filings that were not directly responsive to Judge Gorenstein's order to show cause. These included a proposed order to show cause, which, despite its title, appears to predominantly include an assortment of unrelated exhibits (Dkt. #115); a notice of motion to amend the complaint to clarify Samsung, Inc.'s corporate existence and add related Samsung entities as Defendants (Dkt. #116); a motion for default or, alternatively, for sanctions against Samsung, Inc. for its "misleading corporate name" (Dkt. #117); a declaration from Plaintiff affirming the accuracy of her submissions (Dkt. #118); and a motion to "correct the record" by dissolving the Court's previous dismissals of Samsung Electronics America, Inc. and Samsung Electronics, L.L.C. due to a "misidentification of a party" (Dkt. #128). Plaintiff predicated these ancillary requests on claims that her prior counsel had allegedly engaged in misconduct in pursuing her case: Among other things, Plaintiff argued that counsel had pressured her to dismiss claims against certain Defendants in order to focus on entities that counsel "knew — or should have known — were merged with or operat[ed] as subsidiaries of Samsung." (Dkt. #123; *see also* Dkt. #124).

**b. Judge Gorenstein's Report and Recommendation**

On April 13, 2026, Judge Gorenstein issued the Report. ((Dkt. #. #129). *See also Lewis*, 2026 WL 981125, at *1. In the Report, Judge Gorenstein recommended that this Court vacate the default judgment against Samsung,

Inc. and dismiss it from the case because Plaintiff had failed to proffer any evidence of the entity's continued existence. (Report 6-7, 9). Judge Gorenstein also noted that Plaintiff's attempts to seek default or sanctions against Samsung, Inc. (Dkt. #117), correct the record (Dkt. #128), and amend the SAC (Dkt. #116) were similarly defective. (Report 7-9).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), Judge Gorenstein gave Plaintiff fourteen days from the date of service of the Report to file objections. (Report 9). On April 15, 2026, two days after the Report was published, Plaintiff submitted one set of objections. (*See* Pl. Obj.). Plaintiff argued, in large measure, that the Report would improperly "nullify a default judgment that was validly entered, [and] dismiss a defendant that has repeatedly failed to appear" in the case. (*Id.* at 3). On June 16, 2026 — over seven weeks past the 14-day deadline to file objections and in the absence of any request for either leave to file a supplemental submission or an extension of time — Plaintiff submitted supplemental objections. (*See* Pl. Supp. Obj.). In these untimely objections, Plaintiff contends that even if Samsung, Inc. did not exist, the Report "does not adequately address the availability of amendment, substitution, joinder, relation back, successor liability, or limited discovery concerning the proper Samsung entities." (*Id.* at 1).

## DISCUSSION

### A. Applicable Law

#### 1. Reports and Recommendations of a Magistrate Judge

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States* v. *Romano*, 794 F.3d 317, 340 (2d Cir. 2015). "If a party fails to properly object to the [report and recommendation], the district judge reviews the [report and recommendation] only for clear error." *Nambiar* v. *Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025). A district court may also review for clear error when a party's "objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Knight* v. *City of New York*, 164 F.4th 173, 177 (2d Cir. 2026) (quoting *Nambiar*, 158 F.4th at 361); *see also Miller* v. *Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

By contrast, a district court reviews *de novo* "those portions of the Report … to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *Nambiar*, 158 F.4th at 358-61; *Miller*, 43 F.4th at 120. Even if a litigant raises objections that "repeat an argument raised before the magistrate judge," they should be considered *de novo* so long as the litigant "take[s] issue with a specific legal conclusion in the report and recommendation." *Knight*, 164 F.4th at 177 (quoting *Nambiar*, 158 F.4th at 361). But courts "need not conduct a *de novo* hearing on the matter." *In re*

*Hulley Enters. Ltd.*, 400 F. Supp. 3d 62, 69 (S.D.N.Y. 2019). "It is sufficient that the Court 'arrive at its own independent conclusion regarding those portions of the report to which objections are made.'" *City of Almaty* v. *Sater*, No. 19 Civ. 2645 (JGK), 2022 WL 1555542, at *2 (S.D.N.Y. May 16, 2022) (quoting *In re Hulley Enters. Ltd.*, 400 F. Supp. 3d at 69).

**2. Motions to Vacate Default Judgment**

Federal Rule of Civil Procedure 55(c) states that a "court may set aside an entry of default for good cause, and it may set aside a final default judgment under [Federal] Rule [of Civil Procedure] 60(b)." Fed. R. Civ. P. 55(c). Among the various bases provided by Rule 60(b), a party may be relieved from a final judgment when "the judgment is void," Fed. R. Civ. P. 60(b)(4) — that is, "if the court that rendered [the judgment] lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law," *City of New York* v. *Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011) (quoting *Grace* v. *Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006)). "While normally such relief is sought by motion of a party … nothing forbids the court to grant such relief *sua sponte*." *Fort Knox Music Inc.* v. *Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001) (discussing Rule 60(b) relief from a default judgment); *see also Int'l Controls Corp.* v. *Vesco*, 556 F.2d 665, 668 n.2 (2d Cir. 1977) (same).

Pursuant to Federal Rule of Civil Procedure 60(b)(4), "a court must vacate a default judgment that is void." *Mt. Hawley Ins. Co.* v. *Buckeye Real Est. Invs. LLC*, No. 23 Civ. 2342 (LJL), 2024 WL 3523051, at *3 (S.D.N.Y. July 23, 2024)

(citing *I.L.G.W.U. Nat'l Ret. Fund* v. *Meredith Grey, Inc.*, 986 F. Supp. 816, 819 (S.D.N.Y. 1997)). "A judgment obtained in the absence of in personam jurisdiction" is one way a judgment can be deemed "void." *Id.* (internal quotation marks omitted) (quoting *I.L.G.W.U. Nat'l Ret. Fund*, 986 F. Supp. at 819); *cf. Sinoying Logistics Pte Ltd.* v. *Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) (explaining that "before a court grants a motion for default judgment" for a defendant's failure to appear, it must "first assure itself that it has personal jurisdiction over the defendant" (internal citation omitted)). There is no question that "[t]he court lacks personal jurisdiction over an entity that does not exist." *Rivera* v. *City of New York*, No. 20 Civ. 9968 (GHW), 2022 WL 1523165, at *3 (S.D.N.Y. May 13, 2022) (quoting *Del Med. Imaging Corp.* v. *CR Tech USA, Inc.*, No. 08 Civ. 8556 (LAP), 2010 WL 1487994, at *4 (S.D.N.Y. Apr. 13, 2010)). Any default judgments entered against a non-existing corporation should be vacated as void. *See, e.g.*, *Fernandez* v. *Beehive Beer Distrib. Corp.*, No. 12 Civ. 1968 (TPG), 2013 WL 6153203, at *1 (S.D.N.Y. Nov. 22, 2013) (vacating default judgment under Rule 60(b) where parties agreed that defaulting defendant was not a legal entity); *see also, e.g.*, *ISM Sports, Inc.* v. *Provta*, No. 04 Civ. 918 (NG), 2007 WL 316562, at *4 (E.D.N.Y. Jan. 30, 2007) (describing the default judgment against the incorrectly named defendant as "pointless").

### B. The Court Adopts Judge Gorenstein's Report and Recommendation

#### 1. Standard of Review

Plaintiff objects to the Report's vacatur of the default judgment against Samsung, Inc., its dismissal from the case, and the denial of Plaintiff's applications for the entry of default or the imposition of sanctions against Samsung, Inc., to correct the record, and to amend the SAC. The Court liberally construes Plaintiff's *pro se* objections to the Report and reviews them *de novo*. *See Knight*, 164 F.4th at 177; *see also Nambiar*, 158 F.4th at 361; *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (reasoning that submissions of *pro se* litigants are read "liberally" and interpreted to "raise the strongest arguments that they suggest" (quotation marks and internal citation omitted)). However, the Court does not consider Plaintiff's untimely objections. Plaintiff was clearly aware of her 14-day deadline to file objections to the Report, as evidenced by the timely submission of her initial objections (*see generally* Pl. Obj.), and her *pro se* status "does not exempt [her] from compliance with relevant rules of procedural and substantive law," *Triestman*, 470 F.3d at 477 (quoting *Traguth* v. *Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). *See also McNeil* v. *United States*, 508 U.S. 106, 113 (1993) (noting that procedural rules cannot be interpreted to excuse mistakes by those who proceed without counsel).

### 2. The Court Vacates the Default Judgment Against Samsung, Inc.

After careful consideration of the Report and Plaintiff's objections, the Court agrees with Judge Gorenstein and adopts the Report in full. In the Report, Judge Gorenstein determined that Plaintiff failed to present evidence justifying Samsung, Inc.'s continued involvement as a Defendant in this action. (Report 6-7). Specifically, he reasoned that Plaintiff did not "[meet] her burden of showing that Samsung, Inc. exists as a corporation over which [the Court] can assert jurisdiction" because her contention that the Court had personal jurisdiction over "Samsung and its U.S. affiliates" did not address "whether [Samsung, Inc.] exists or not." (*Id.*). Judge Gorenstein, accordingly, recommended the Court vacate the default judgment against Samsung, Inc. as void and dismiss Samsung, Inc. from the case. (*Id.* at 9).

In her timely objections, Plaintiff asserts that the criteria for vacating a default judgment have not been satisfied. (Pl. Obj. 2-3). According to Plaintiff, her previously filed affidavit of service on Samsung, Inc. (Dkt. #25) proves that Samsung, Inc. was properly served, which in turn confirms that Samsung, Inc. exists and the Court has personal jurisdiction over it (Pl. Obj. 2-3). Additionally, Plaintiff claims that a defendant like Samsung, Inc., which never appeared in the case, cannot be dismissed *sua sponte* based solely on "conclusory assertions" that the entity does not exist. (*Id.* at 3).

The Court joins Judge Gorenstein in holding that Plaintiff has failed to show that Samsung, Inc. exists. The record clearly indicates — as initially

stated by Samsung SDI Co. Ltd. and without refutation from Plaintiff or her prior counsel — that Samsung, Inc. was "merged out of existence in 1989 in a merger with Samsung Electronics America, Inc." (Dkt. #92 at 1; Dkt. #100 ¶ 13). And while Plaintiff points to her affidavit as both proof of service on Samsung, Inc. and proof of its existence (Dkt. #25), her former counsel has admitted that "[i]f Samsung, Inc. was merged out of existence decades before service, that fact may bear on whether the entity served was capable of being served, and whether the service described in Docket No. 25 could be considered effective as to Samsung, Inc. (as opposed to another entity)" (Dkt. #100 ¶ 20). Because Samsung, Inc. is not an existing corporation capable of being served, the affidavit appears to have been mistaken in its claim that service was effectuated on Samsung, Inc.

The Court is cognizant of the fact that *pro se* litigants are afforded special solicitude. *See Tracy* v. *Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). That said, Plaintiff has had ample opportunity to demonstrate Samsung, Inc.'s active status to Judge Gorenstein and this Court. (*See* Report 6 ("[W]e have twice asked plaintiff for any evidence of Samsung, Inc.'s existence[.]")). Her inability to do so compels the conclusion that Samsung, Inc. was merged out of existence before Plaintiff brought the instant action.

With this factual issue resolved, the Court agrees with Judge Gorenstein's legal conclusions that "a non-existent corporation cannot be served" with process, and, moreover, that "[a] court lacks personal jurisdiction over a defendant which has not been properly served." (Report 5 (citing *Dynegy*

*Midstream Servs.* v. *Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (superseded by statute on other grounds))). Further, despite Plaintiff's arguments to the contrary, Judge Gorenstein is correct that the Court "retains the authority to examine personal jurisdiction — and dismiss a case, in whole or in part, for lack of personal jurisdiction — even if it has already … granted a default judgment motion." (*Id.* (quoting *Off-White LLC* v. *A&S Store*, No. 13 Civ. 8195 (BCM), 2025 WL 4660796, at *5 (S.D.N.Y. Dec. 30, 2025))). *See also Sinoying Logistics Pte Ltd.*, 619 F.3d at 213 ("[W]hen a court is considering whether to enter a default judgment, it may dismiss an action *sua sponte* for lack of personal jurisdiction.").

Even if the Court were to consider Plaintiff's untimely objections, it would find them to be unavailing. Plaintiff notes that former Defendant Samsung Electronics America, Inc., the successor corporation of Samsung, Inc., was properly served and had notice of the present action. (Pl. Supp. Obj. 1, 4). From this, Plaintiff reasons that Samsung Electronics America, Inc.'s notice establishes constructive notice for (and personal jurisdiction over) Samsung, Inc. (*Id.*). However, Plaintiff cannot establish service on and personal jurisdiction over Samsung, Inc. by dint of its successor. Courts respect separate corporate identities even where a corporation is wholly owned or absorbed by another. *Republic of Guatemala* v. *IC Power Asia Dev. Ltd.*, 619 F. Supp. 3d 421, 431 (S.D.N.Y. 2022) ("It is hornbook law that service of process on a subsidiary does not constitute service on a parent corporation, nor does

service on a parent constitute service on a subsidiary." (internal quotation marks and citation omitted)).

In a parallel context assessing notice under the Foreign Sovereign Immunities Act, the Second Circuit held that proper service on a dissolving corporation could be deemed as proper service on a successor corporation that absorbed all of its assets and liabilities. *See Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft* v. *Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993), *as amended* (May 25, 1993). But the Second Circuit was silent as to the converse: namely, whether notice to the successor (here, Samsung Electronics America, Inc.) constitutes notice to the predecessor (here, Samsung, Inc.). This reticence makes good sense: No claim can lie against a nonexistent entity, and predecessors, by definition, cease to exist once absorbed by successors. *See In re SPS I Fundo de Investimento de Acoes – Investimento no Exterior*, No. 22 Misc. 118 (LAK), 2022 WL 17553067, at *4 (S.D.N.Y. Dec. 9, 2022) (An agent "is no more able to accept service on behalf of a no longer extant corporate entity than the Court is to exercise jurisdiction over it.").

Because "a judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law," the default judgment against Samsung, Inc. must be vacated as void. *Chettri* v. *Nepal Bangladesh Bank, Ltd.*, No. 10 Civ. 8470 (PGG), 2014 WL 4354668, at *5 (S.D.N.Y. Sept. 2, 2014) (quoting *Am. Inst. of Certified Pub. Accts.* v. *Affinity Card, Inc.*, 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998)). Regardless of proper

service, a court fundamentally cannot exercise jurisdiction over an entity that does not exist. *See Rivera*, 2022 WL 1523165, at *3 (quoting *Del Med. Imaging Corp.*, 2010 WL 1487994, at *4). In the absence of personal jurisdiction over Samsung, Inc., the Court vacates the default judgment against Samsung, Inc., and dismisses Samsung, Inc. from the case.

### 3. The Court Denies Plaintiff's Additional Requests for Relief

Judge Gorenstein also considered Plaintiff's additional applications for entry of default or imposition of sanctions against Samsung, Inc. (Dkt. #117); to correct the record (Dkt. #128); and to amend the SAC (Dkt. #116). Reviewing these requests *de novo*, the Court ultimately agrees with Judge Gorenstein that all of Plaintiff's requests should be denied.

*First*, Judge Gorenstein did not err in declining to enter default or to impose sanctions against Samsung, Inc. (*See* Report 7). As an initial matter, the motion for default component of Plaintiff's application is superfluous. The Court has ruled that the existing default judgment must be vacated because Samsung, Inc. does not exist, and Plaintiff does not explain why default should be entered a second time against a non-existent entity. (*See id.*). As to sanctions, the Court agrees with Judge Gorenstein that Plaintiff has failed to proffer evidence of "any improper conduct by any party that has appeared or been named in this case." (*Id.*). Plaintiff's timely objections reiterate that Samsung, Inc.'s failure to appear is a proper basis for sanctions, but again, Samsung, Inc. cannot appear because it does not exist. The Court, accordingly, denies Plaintiff's request to enter default or sanctions.

*Second*, like Judge Gorenstein, the Court finds that there is no basis to grant Plaintiff's request to "correct the record." (*See* Report 7-8). As the Court understands it, Plaintiff seeks to correct the record by, among other things, reversing her former counsel's inappropriate dismissal of Defendants Samsung Electronics America, Inc. and Samsung Electronics, L.L.C. from the case. (*See id.*). To review, Plaintiff's FAC in March 2024 excluded Samsung Electronics America, Inc. and Samsung Electronics, L.L.C. as defendants (*see* Dkt. #63), which prompted the Court to dismiss them from the case (*see* Dkt. #64). After Plaintiff's counsel agreed with counsel for Samsung SDI Co. Ltd. that Samsung, Inc. did not exist, Plaintiff terminated the relationship. (*See* Dkt. #99, 102). Elaborating further in her untimely objections, Plaintiff argues that her former counsel's failure to adequately investigate Samsung, Inc.'s corporate status, and failure to preserve claims against potentially responsible entities like Samsung Electronics America, Inc., procedurally disadvantaged her. (Pl. Supp. Obj. 3, 5). Plaintiff argues that denying her motion to correct the record effectively punishes her for former counsel's oversights, given that there would be no defendant left in the case to prosecute. (*Id.*).

Even if Plaintiff disagreed with her former counsel's decision to dismiss these Defendants, she is, nonetheless, bound by his choice. *See Link* v. *Wabash R. Co.*, 370 U.S. 626, 634 (1962) ("[In] our system of representative litigation … each party is deemed bound by the acts of his lawyer-agent."); *see also Jackson* v. *Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014) ("[A]ll litigants are 'bound by the concessions of freely retained counsel." (internal quotation

marks and citation omitted)). When drafting the FAC more than two years ago, Plaintiff's former counsel made the strategic decision to dismiss Samsung Electronics America, Inc. and Samsung Electronics, L.L.C. from this action. (*See* Dkt. #63). Plaintiff cannot undo this decision with the benefit of hindsight, even if she hopes to reopen the issue by raising generalized claims of malpractice and failure to investigate. *See Gomez* v. *City of New York*, 805 F.3d 419, 423-24 (2d Cir. 2015) (per curiam) ("[C]ourts are generally reluctant to recognize attorney error as a basis for relief from an order or judgment" because of "our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent[.]" (internal quotation marks and citation omitted)); *Davidowitz* v. *Patridge*, No. 08 Civ. 6962 (NRB), 2010 WL 1779279, at *4 (S.D.N.Y. Apr. 23, 2010) ("[L]itigants are generally bound by the professional conduct of the attorneys they choose to represent them, although the conduct of counsel may give rise to a claim for malpractice[.]" (internal quotation marks and citation omitted)).[2] Indeed, allowing Plaintiff to resurrect claims against Samsung Electronics America, Inc. and Samsung Electronics, L.L.C. would result in considerable prejudice to these entities, which have been

---

[2] Allowing Plaintiff what is effectively a "do-over" in this case would be particularly inappropriate, inasmuch as her prior counsel's decision to discontinue the litigation as to Samsung Electronics America, Inc. was plainly not the product of inattention, but rather the result of discussions with counsel for that entity. (*See, e.g.*, Dkt. #55 (notice of appearance by counsel for Samsung Electronics America, Inc.), Dkt. #58 ¶ 23 (answer to underlying complaint filed by Samsung Electronics America, Inc., which included representation that entity "had no involvement in the design, assembly, and/or manufacture of the subject [b]attery and related [c]harging [a]pparatus at issue in this litigation"); Minute Entry for February 21, 2024 (pretrial conference with counsel for Plaintiff, Samsung SDI America, Inc., and Samsung Electronics America, Inc.), Dkt. #64 (Court order dismissing Samsung Electronics America, Inc. and Samsung Electronics, L.L.C. from case in light of exclusion from the FAC)).

free from the threat of this litigation for over two years. The Court therefore declines to grant Plaintiff's motion to correct the record.

*Third*, the Court joins Judge Gorenstein in denying Plaintiff's motion to amend her complaint. (Report 8). Plaintiff seeks leave to amend her SAC to, among other things, "[c]larify the roles of Samsung[,] Inc., Samsung Electronics America, Inc., and Samsung SDI America, Inc." and "[a]dd related a/k/a and d/b/a Samsung entities." (Dkt. #116 at 2). In her timely objections, Plaintiff argues that her initial motion was consistent with Local Civil Rule 15.1, which requires movants to attach the proposed complaint to the filing, and supported by good cause. (*See* Pl. Obj. 4). Leave to amend should be freely granted, especially in view of a party's *pro se* status. *See* Fed. R. Civ. P. 15(a)(2). However, leave may be also denied if "the moving party failed to attach a proposed amended complaint," *Shull* v. *TBTF Prods., Inc.*, No. 18 Civ. 12400 (GBD), 2020 WL 5549520, at *4 n.5 (S.D.N.Y. Sept. 16, 2020), *aff'd*, No. 20-3529, 2021 WL 3027181 (2d Cir. July 19, 2021) (summary order), or if amendment would be futile, *see, e.g.*, *Knife Rights, Inc.* v. *Vance*, 802 F.3d 377, 389 (2d Cir. 2015). Amendment is futile if the "amended portion of the complaint would fail to state a cause of action." *Parker* v. *Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000); *see also Kassner* v. *2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

As a technical matter, Judge Gorenstein is correct that Plaintiff's motion does not conform with Local Civil Rule 15.1(a), given that she did not attach the proposed complaint to the filing. (Report 8). But more importantly, the

motion fails because Plaintiff fails to specify *how* amendment would "clarify the roles of Samsung[,] Inc., Samsung Electronics America, Inc., and Samsung SDI America, Inc.," and *which* "related … Samsung entities" she would seek to add, thereby rendering amendment futile. (Dkt. #116 at 2). *See TechnoMarine SA* v. *Giftports*, Inc., 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint."). Even in her untimely objections, Plaintiff fails to identify the "proper Samsung entity" she intends to add and her specific complaints against that entity. *See WC Cap. Mgmt., LLC* v. *UBS Sec., LLC*, 711 F.3d 322, 334 (2d Cir. 2013) (denying leave to amend when plaintiff failed to "specify[] what additional factual allegations [she] would include if leave were granted, or how an amended complaint would cure the deficiencies" in the complaint). (*See* Pl. Supp. Obj. 1, 4).

Insofar as Plaintiff intends to re-name Samsung Electronics America, Inc. and Samsung Electronics, L.L.C. as Defendants more than two years after their voluntary dismissal, such an amendment is unduly prejudicial to these entities. *See Cerni* v. *J.P. Morgan Sec. LLC*, 208 F. Supp. 3d 533, 543-44 (S.D.N.Y. 2016) (observing that leave to amend may be denied where "the amendment would prejudice the defendant" (internal quotation marks and citation omitted)). Plaintiff has been afforded "ample prior opportunity to allege a claim." *De Jesus* v. *Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 72 (2d Cir. 1996). Though cognizant of Plaintiff's *pro se* status, the Court is not convinced that a

third chance to amend will prove anything but futile. Accordingly, the Court denies Plaintiff's request for leave to amend her complaint.

**CONCLUSION**

For the above reasons, and with appreciation to Judge Gorenstein for his cogent analysis, the Court ADOPTS the Report and Recommendation in full, VACATES the default judgment against Samsung, Inc. (Dkt. #61), and DISMISSES Samsung, Inc. from the instant action. In addition, the Court DENIES with prejudice Plaintiff's additional requests for entry of default or imposition sanctions against Samsung, Inc. (Dkt. #117), to correct the record (Dkt. #128), and to amend the complaint (Dkt. #116).

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: September 10, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

SASHA LEWIS, :

Plaintiff, : REPORT & RECOMMENDATION

-v.- : 23 Civ. 6643 (KPF) (GWG)

SAMSUNG SDI CO. LTD. et al., :

Defendants. :

---------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

On January 16, 2026, the Court ordered pro se plaintiff Sasha Lewis to show cause why defendant Samsung, Inc. should not be dismissed from this action. See Order, dated Jan. 16, 2026 (Docket # 114) ("OSC"). In her many subsequent filings, plaintiff has not shown cause. Accordingly, as set forth below, the default judgment against Samsung, Inc. should be vacated, and Samsung, Inc. should be dismissed from this action. Plaintiff's other applications to the Court should be denied.

## I. BACKGROUND

The operative complaint in this case, Second Amended Complaint, filed Sept. 26, 2024 (Docket # 85) ("SAC"), is summarized as follows in the district judge's decision granting a motion to dismiss brought by one of the defendants, Lewis v. Samsung SDI Co., 2025 WL 1826471 (S.D.N.Y. July 2, 2025), appeal docketed No. 26-80 (2d Cir. Jan. 14, 2026):

> Lewis brought this action against Defendants Samsung SDI Co. Ltd. ("SDI") . . . Samsung, Inc., and ABC Corporations (1-10) (fictitious entities), alleging claims of, inter alia, strict product liability, breach of an express warranty, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, failure to warn, and negligence, all under New York common law. . . .

> On or about September 9, 2020 (the "Accident Date"), Plaintiff was the owner of a battery-powered scooter bearing the visible markings of "Wuxing," "38V 2019.10 76," "Wuxing DK11," and "01345512.5." (Id. ¶ 12). Plaintiff does not allege where or when she purchased the scooter. Plaintiff contends that the scooter was equipped with a rechargeable battery manufactured by a "Samsung" entity. (Id. ¶¶ 14, 24). On the Accident Date, as Plaintiff was charging the scooter with its charging apparatus — which she also alleges to have been distributed and supplied by "Defendants" — "a dangerous condition developed and ultimately a fire started." (Id. ¶¶ 13, 16, 24). As a result, Plaintiff sustained "serious and permanent bodily injuries." (Id. ¶ 37).

Id. at *1 (citing and quoting SAC).

After purportedly being served, defendant Samsung, Inc. never appeared in this case and failed to respond to plaintiff's initial complaint; as a result, the district judge found that it was in default. See Default Judgment, dated Feb. 21, 2024 (Docket # 61).

Later, on a motion from defendant SDI, the Court dismissed all claims against SDI for lack of personal jurisdiction. See Lewis, 2025 WL 1826471, at *9. Noting that plaintiff had not served defendants ABC Corporations (1-10), the Court also ordered her to show cause why her claims against these entities should not be dismissed. See id. at *10. Plaintiff did not oppose dismissal of ABC Corporations (1-10), and her claims against these entities were dismissed. See Memorandum Endorsement, dated Aug. 4, 2025 (Docket # 94).

The district judge then referred this case to the undersigned for an inquest on damages arising from Samsung, Inc.'s default. See Order of Reference, dated Dec. 15, 2025 (Docket # 95). To aid our inquest, she directed counsel for SDI to explain the legal relationship, if any, between Samsung, Inc. and SDI. See Lewis, 2025 WL 1826471, at *10. She also asked counsel if SDI knew whether Samsung, Inc. had been properly served or otherwise had notice of plaintiff's suit. See id. SDI's counsel responded as follows:

> SDI does not have a legal relationship with an entity known as Samsung, Inc.

> Plaintiff alleges in the Second Amended Complaint that Samsung, Inc., is a Delaware corporation. (ECF No. 85 ¶ 7). Public records maintained by the Delaware Division of Corporations indicate that a Delaware corporation known as "Samsung, Inc." was merged out of existence in 1989 in a merger with Samsung Electronics America, Inc. . . . SDI is not aware of another Samsung, Inc., entity.
>
> For completeness, we note that Samsung Electronics America, Inc., a New York corporation, was named as a defendant in Plaintiff's original Complaint (ECF No. 15). Samsung Electronics America, Inc., entered an appearance through counsel (ECF No. 55) and filed an Answer (ECF No. 58) on January 16, 2024. Plaintiff filed a First Amended Complaint removing Samsung Electronics America, Inc., as a defendant on March 25, 2024 (ECF No. 63). The Court entered an order terminating Samsung Electronics America, Inc., from the docket on March 26, 2024 (ECF No. 64).

Letter from David E. Freed, filed July 14, 2025 (Docket # 92) ("Freed Letter") at 1. Counsel also denied that SDI had any knowledge of whether Samsung, Inc. had been properly served or otherwise had notice of plaintiff's suit. See id. at 2.

Attached to the letter is a sworn declaration of counsel for SDI who attests that he visited the website of the Delaware Division of Corporations and that he obtained information from this website regarding Samsung, Inc. on July 2, 2025. See Declaration of David E. Freed, annexed to Freed Letter at *3-*4. The attached record (which states it is not official) from the Delaware Division of Corporations reflects that Samsung, Inc.'s status is "Merged," that it has had this status as of July 1, 1989, and that its last annual report was filed in 1987. Certificate of Status, filed July 14, 2025, annexed as Ex. A to Freed Letter (Docket # 92-1). It refers to Samsung, Inc. as the "Non-Survivor" corporation and to Samsung Electronics America, Inc. as the "Survivor" corporation. As counsel for SDI noted in his letter, Samsung Electronics America, Inc. appeared in this case as a defendant but was not named as a defendant in the First Amended Complaint, see First Amendment Complaint, filed Mar. 25, 2024 (Docket # 63) ("FAC"); thus, it was terminated as a defendant more than two years ago, see Order, dated Mar. 26, 2024 (Docket # 64).

In light of this response, we directed plaintiff — who, at the time, was represented — to file a statement describing:

> (1) what efforts counsel have made to investigate the status of Samsung, Inc. as a corporation, and what proof is currently in the possession of counsel as to the corporation's continued existence or not; (2) whether counsel have any information that cause them to doubt the representations made in Docket # 92 as to the status of Samsung, Inc. and if so what that information is; and (3) whether they are currently in possession of any factual information that causes them to question whether the affidavit of service filed as Docket # 25 was effective and if so what that information is.

Order, dated Dec. 18, 2025 (Docket # 98). Counsel for plaintiff stated that he "first learned that 'Samsung, Inc.' may not be a functioning corporation based on the representations made in Docket No. 92" and had no basis to doubt those representations. Declaration of Elliot Shields, filed Dec. 31, 2025 (Docket # 100) ¶¶ 9, 13. He allowed, "If Samsung, Inc. was merged out of existence decades before service, that fact may bear on whether the entity served was capable of being served, and whether the service described in Docket No. 25 could be considered effective as to Samsung, Inc." Id. ¶ 20.

Shortly thereafter, we permitted counsel for plaintiff to withdraw after plaintiff terminated her representation. See Order, dated Jan. 5, 2026 (Docket # 102) ("Jan. 5 Order") at 1. Noting that "there is no evidence that [Samsung, Inc.] actually exists as a corporation," we asked plaintiff to file a letter "providing any information she may have that Samsung, Inc. is a functioning corporation." Id. at 2. However, plaintiff's letter in response addressed the existence of SDI, not Samsung, Inc. See Letter from Sasha Lewis, filed Jan. 14, 2026 (Docket # 110).

Accordingly, we ordered plaintiff to show cause why defendant Samsung, Inc. should not be dismissed as a defendant in this action. See OSC. Plaintiff filed a number of documents

afterwards.[1]

II. LEGAL STANDARDS

"[W]hen a defendant declines to appear, a plaintiff generally proceeds by means of a motion for default judgment," but "before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2d Cir. 2010) (citations omitted). A court lacks personal jurisdiction over a defendant which has not been properly served. See Dynegy Midstream Servs. v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2006) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (quoting Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)); accord Hall v. Annucci, 2023 WL 7212156, at *2 (2d Cir. Nov. 2, 2023) (summary order) (citing Sinoying Logistics Pte Ltd., 619 F.3d at 213). Needless to say, a non-existent corporation cannot be served, and a court cannot exercise personal jurisdiction over or enter default judgment against such a corporation. See Ragin v. Harry Macklowe Real Est. Co., 126 F.R.D. 475, 480 (S.D.N.Y. 1989) ("[N]o action can be maintained against a nullity.") (citations omitted).

When a court raises the issue of lack of personal jurisdiction over a defendant, the plaintiff has the burden of establishing that there is such personal jurisdiction. See Sutton v. Tapscott, 120 F.4th 1115, 1125 (2d Cir. 2024). Of course, when a court sua sponte raises the

[1] See Proposed Order to Show Cause, filed Jan. 28, 2026 (Docket # 115); Motion to Amend Complaint, filed Jan. 28, 2026 (Docket # 116); Motion for Default or Sanctions, filed Jan. 28, 2026 (Docket # 117); Declaration of Sasha Lewis, filed Jan. 28, 2026 (Docket # 118); Response to Order to Show Cause, filed Feb. 4, 2026 (Docket # 120); Supplemental Response to Order to Show Cause, filed Feb. 4, 2026 (Docket # 124); Letter from Sasha Lewis, filed Feb. 5, 2026 (Docket # 123) ("Lewis Letter"); Motion to Correct the Record, filed Feb. 17, 2026 (Docket # 128).

issue of personal jurisdiction, the court should "not act without first giving" the plaintiff "an opportunity to establish that the Court had personal jurisdiction over" the defendant. Sinoying Logistics Pte Ltd., 619 F.3d at 214; accord Sutton, 120 F.4th at 1125. Further, where, as here, the plaintiff is proceeding pro se, she must be afforded "special solicitude," and a court must make "deliberate, continuing efforts" to ensure that she "understands what is required of [her]." Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010) (citations omitted). Here, we have twice asked plaintiff for any evidence of Samsung, Inc.'s existence. See Jan. 5 Order; OSC.

"The district court retains the authority to examine personal jurisdiction — and dismiss a case, in whole or in part, for lack of personal jurisdiction — even if it has already . . . granted a default judgment motion." Off-White LLC v. A&S Store, 2025 WL 4660796, at *5 (S.D.N.Y. Dec. 30, 2025) (citations omitted). Where, as here, a default judgment "expressly [leaves] unresolved the issue of the proper amount of damages," it is a "non-final order," Swarna v. Al-Awadi, 622 F.3d 123, 140 (2d Cir. 2010) (citations omitted), which "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," Fed. R. Civ. P. 54(b).

## III. DISCUSSION

We have previously noted that "there is no evidence that [Samsung, Inc.] actually exists as a corporation." Jan. 5 Order at 2. Plaintiff's many filings in response to the Court's order to show cause do not offer any further proof of Samsung, Inc.'s existence.

Her primary response to our order argues that the Court has personal jurisdiction over "Samsung and its U.S. affiliates," but we are only concerned with the single defendant left in this case, Samsung, Inc., and plaintiff's response does not address whether this entity exists or not. Response to Order to Show Cause at *1. In another filing, plaintiff "acknowledges" what she

characterizes as our "finding that Samsung, Inc. no longer exists as an active corporate entity." Supplemental Response to Order to Show Cause at *2. Based on these filings, plaintiff has not met her burden of showing that Samsung, Inc. exists as a corporation over which we can assert personal jurisdiction.

Plaintiff has made several other filings that do not address the issue of Samsung, Inc.'s existence at all.

Plaintiff "moves this Court for an Order entering default against 'Samsung[,] Inc.' or, in the alternative, imposing sanctions on the Samsung defendants for using a misleading corporate name." Motion for Default or Sanctions at *1. Given that Samsung, Inc. does not exist and that the existing default judgment against this entity should be vacated, plaintiff's motion should be denied insofar as she seeks a default judgment. Her request for sanctions should also be denied because she has not shown any improper conduct by any party that has appeared or been named in this case.

In a letter, plaintiff asserts that she faced "sustained pressure to abandon claims against former defendants and instead pursue entities that counsel knew — or should have known — were merged with or operated as subsidiaries of Samsung." Lewis Letter at *1. Seemingly related to this allegation, she seeks an order "correcting the record." See Motion to Correct the Record. While her motion is difficult to understand and does not actually request specific relief, plaintiff appears to suggest that the Court terminated Samsung Electronics America, Inc. in error. See id. But she supplies no basis for us to find that there has been "a clear misidentification of a party." Id. Rather, the record reflects that plaintiff's first and second amended complaints did not name Samsung Electronics America, Inc. See FAC; SAC. Plaintiff may disagree with the choices her attorneys made in not naming Samsung Electronics America, Inc., but in "our system

of representative litigation . . . each party is deemed bound by the acts of [her] lawyer-agent." Link v. Wabash R. Co., 370 U.S. 626, 634 (1962); accord Davidowitz v. Patridge, 2010 WL 1779279, *4 (S.D.N.Y. 2010) ("[L]itigants are generally bound by the professional conduct of the attorneys they choose to represent them, although the conduct of counsel may give rise to a claim for malpractice . . . .") (citation and internal quotation marks omitted). She cannot "avoid the consequences [her] former counsel's actions" under the guise of correcting some "clerical error." Peyser v. Searle Blatt & Co., 2004 WL 307300, at *3 (S.D.N.Y. Feb. 17, 2004).

Plaintiff also seeks leave to amend her complaint. See Motion to Amend Complaint. Plaintiff states in her motion papers that she wishes to "[a]dd related a/k/a and d/b/a Samsung entities" and will "[c]larify the roles of Samsung Inc., Samsung Electronics America, Inc. and Samsung SDI America, Inc." Id. at *2. She also states that she will "[c]orrect and expand jurisdictional allegations," "[c]larify Samsung Inc.'s alleged involvement," "[a]dd allegations consistent with the Court's prior directives," and "[e]xpand factual allegations regarding the product defect and resulting injuries." Id. at *2-*3. This motion fails because it does not attach the proposed complaint as required Local Civ. R. 15.1(a). Additionally, it fails because it gives no indication of what specific allegations would be made against Samsung, Inc. or any other entity, and thus we cannot determine why filing another amended complaint would not be futile.

Finally, we observe that two of plaintiff's recent filings directed obscenities toward the Court and court staff in relation to an issue regarding her mailing address. See Notice of Change of Address, filed Feb. 13, 2026 (Docket # 125); Letter from Sasha Lewis, filed Feb. 17, 2026 (Docket # 127). Plaintiff is warned that the use of abusive language is unacceptable and may result in sanctions if it occurs again.

CONCLUSION

For the reasons given above, the default judgment against Samsung, Inc. (Docket # 61) should be vacated, and Samsung, Inc. should be dismissed from this case. Plaintiff's various requests for relief as expressed in Docket ## 116, 117, and 128 should be denied.

**PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 72(b), the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to Judge Failla. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 6(d), 72; Thomas v. Arn, 474 U.S. 140, 155 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: April 13, 2026
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge